IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JENNIFER A. OUDERKIRK,

        Plaintiff,

    v.

THE UNITED STATES, *et al.*,

        Defendants.

Civil Action No.
3:18-CV-0053 (LEK/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

JENNIFER A. OUDERKIRK, *Pro se*
277 Ridge Road Apt 5
Lansing, NY 14882

FOR DEFENDANTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT AND RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff Jennifer A. Ouderkirk, pursuant to 42 U.S.C. § 1983, against a sitting Supreme Court Justice, a Tompkins County prosecutor, and the United States. In her complaint, plaintiff alleges that she was deprived of her liberty without due

process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon my consideration of those documents, I grant plaintiff's application for leave to proceed without prepayment of fees, but recommend that her complaint be dismissed, with leave to replead.

I.    BACKGROUND

Plaintiff commenced this action on January 12, 2018. Dkt. No. 1. Named as defendants in her complaint are the United States; Andrew McElwee, who is identified as a prosecutor with the Tompkins County District Attorney's office; and John C. Rowley, a Tompkins County Supreme Court Justice. *Id.* Plaintiff claims that on August 16, 2013, Supreme Court Justice Rowley and ADA McElwee ordered that she be incarcerated in state prison, where she remained for nearly two years without a hearing or even a reasonable inquiry into the validity of the allegations against her, thereby depriving her of liberty without due process. *Id.* at 5. She alleges that both of those defendants at the relevant times were acting "in the performance of [their] official duties." Plaintiff further claims that on January 12, 2015, she was "forced" to plead guilty to

a misdemeanor charge of assault in the third degree. *Id.* As relief, plaintiff seeks recovery of nominal, compensatory, and punitive damages in the total amount of $950,000. *Id.* at 7.

Plaintiff's complaint is accompanied by a completed IFP application.[1] Dkt. No. 2. That application reveals that plaintiff is a "graduated paralegal", who is currently unemployed and "struggling to find work." *Id.* at 1. That application also reports that plaintiff has several liabilities, including, significantly, a student loan debt in the amount of $47,000. *Id.* at 2.

II.     DISCUSSION

A.     Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if it determines that she is unable to pay the required filing fee.[2] 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that

---

[1]     Plaintiff's IFP application is missing one piece of information. On the first page under the heading, "Other Income", plaintiff indicates that in the past twelve months she has received income from other sources. Dkt. No. 2 at 1. Those sources, however, are not disclosed, nor does the application indicate the amounts received. *Id.* In view of the other information contained within the IFP application, however, I have chosen to overlook this deficiency, and will grant plaintiff's IFP application.

[2]     The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an

3

plaintiff meets the requirements for IFP status, her application for leave to proceed without prepayment of fees is granted.[3]

B. <u>Sufficiency of Plaintiff's Complaint</u>

1. <u>Standard of Review</u>

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606

---

affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3] Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

4

(2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d),

5

may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Analysis</u>

As was previously noted, plaintiff's complaint names three defendants, including the United States, a Supreme Court Justice, and an Assistant District Attorney. Dkt. No. 1. Plaintiff's claims against each of those defendants is subject to dismissal.

    a.    <u>Supreme Court Justice John C. Rowley</u>

Plaintiff alleges that during the course of his official duties as a Supreme Court Justice, defendant Rowley deprived her of due process. "It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true however erroneous an act may have been, and

however injurious its consequences were to the plaintiff. *Young*, 41 F.3d at 51. It should be noted, however, that "a judge is immune only for actions performed in his judicial capacity." *DuQuin*, 320 F. Supp. 2d at 41.

Although her complaint does not contain a great deal of detail providing context to her claims, from the language of her complaint it appears that she is complaining of actions taken by that defendant while performing a judicial function. Dkt. No. 1 at 4-5. Accordingly, defendant Rowley is absolutely immune from suit, and plaintiff's claims against him are subject to dismissal on this ground.

      b.    <u>Defendant McElwee</u>

Plaintiff has also asserted claims against prosecutor Andrew McElwee for actions taken "in the course of official duties as prosecutor for Tompkins County, N.Y. . .". Dkt. No. 1 at 4. As is the case with judges, it is equally well-established that "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.'" *Hill v. City of N.Y.*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In determining whether absolute immunity obtains, we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*,

509 U.S. 259, 269 (1993)); *see also Bernard v. Cty. of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

Because it appears that plaintiff's claims against defendant McElwee arise out of the performance of his duties as a prosecutor, like defendant Rowley, he too is entitled to absolute immunity from suit, and plaintiff's claims against him are therefore subject to dismissal on this ground.

D.  United States

There are no allegations of fact supporting plaintiff's claims against the United States in this action. Accordingly, plaintiff claims against the United States are subject to dismissal.[4]

---

[4] Plaintiff's claims against the United States are likely precluded by the sovereign immunity which that defendant enjoys. *See Loeffler v. Frank*, 486 U.S. 549, 554 (1988) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Since there is no indication in plaintiff's complaint that she has complied with the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, which constitutes a limited waiver of that sovereign immunity, even if it were accompanied by facts showing the basis for her claims against the United States, her complaint would likely be subject to dismissal on the basis of sovereign immunity.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. d1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at \*1 (N.D.N.Y. Sept.

10

22, 1997) (Pooler, J.).

In this case, though skeptical, the court cannot say unequivocally that, if granted leave to amend, plaintiff could not state a cognizable claim against defendants in this case. Accordingly, I recommend that leave to amend be granted. If plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to her claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such

amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

### III. SUMMARY, ORDER, AND RECOMMENDATION

Plaintiff's IFP application demonstrates that she qualifies for that status. Accordingly, her application for leave to proceed without prepayment of fees is granted.

Turning to the merits of plaintiff's complaint, I find that her claims in this action against the two named individual defendants are precluded by absolute immunity, which they enjoy by virtue of their positions, and that plaintiff has failed to state facts demonstrating the existence of a plausible cause of action against the third defendant, the United States.[5]

---

[5] It is unclear whether plaintiff's due process claims arise from alleged constitutional violations that occurred in connection with a criminal conviction. If so, plaintiff's claims may also be precluded on the independent basis of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

12

Based upon the foregoing, it is hereby

ORDERED that plaintiff's application for leave to proceed in this action without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e), with leave to amend within thirty days from the date of any decision adopting order, report and recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[6] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

    unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87; *see also Estes v Doe*, No. 97-CV-8133, 1999 WL 983886, at *3 (S.D.N.Y. Oct. 29, 1999) (quoting *Heck*). "A claim for damages relating to a conviction that has not been so invalidated is not cognizable under Section 1983." *Estes*, 1999 WL 983886, at *3.

[6]    If you are proceeding *pro se* and are served with this order, report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:   January 29, 2018
         Syracuse, New York

---

legal holiday. Fed. R. Civ. P. 6(a)(1)(C).