UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────
JENNIFER A. OUDERKIRK,

                Plaintiff,

   -against-                                      3:18-CV-0053 (LEK/DEP)

THE UNITED STATES, *et al.*,

                Defendants.
─────────────────────────────────────────────

## ORDER

**I.**     **INTRODUCTION**

      This matter comes before the Court following a Report-Recommendation filed on January 30, 2018, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 4 ("Report-Recommendation"). Pro se plaintiff Jennifer A. Ouderkirk timely filed objections. Dkt. No. 8 ("Objections").

**II.**     **LEGAL STANDARD**

      Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2

(S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III. DISCUSSION

Plaintiff objects to Judge Peebles's determination that defendants John C. Rowley and Andrew McElwee are entitled to judicial and prosecutorial immunity, respectively. Objs. at 2–4. She argues that neither is entitled to immunity because Rowley and McElwee acted "in the absence of jurisdiction." Id. at 2. While the cases she cites do not support this proposition, Plaintiff is correct that an exception to the immunity doctrines is "activity . . . taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 12 (1991). However, Plaintiff presents no facts suggesting that Rowley or McElwee acted "in the complete absence of all jurisdiction." While Plaintiff alleges that "mistakes . . . plagued [her] case since its beginning," Objs. at 3, her allegations and Objections do not indicate that Rowley acted "over a general subject matter" that is outside the purview of judges, Shuster v. Oppleman, 962 F. Supp. 394, 397 (S.D.N.Y. 1997), or that McElwee's conduct extended beyond those "intimately associated with the judicial phase of criminal process," Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Plaintiff's allegations, which lack significant detail, appear to stem from Rowley and McElwee's execution of judicial process in a criminal matter. Therefore, Judge Peebles's correctly concluded

that Plaintiff's claims against Rowley and McElwee, as alleged in her original complaint, must be dismissed on immunity grounds.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff's amended complaint (Dkt. No. 9) is referred to the Magistrate Judge for review; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 01, 2018
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge