IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JENNIFER A. OUDERKIRK,

                  Plaintiff,                 Civil Action No.
                                          3:18-CV-0053 (LEK/DEP)

     v.

GWEN WILKINSON, *et al.*,

                  Defendants.

_____

APPEARANCES:                       OF COUNSEL:

FOR PLAINTIFF:

JENNIFER A. OUDERKIRK, *Pro se*
277 Ridge Road, Apt. 5
Lansing, NY 14882

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff Jennifer A.

Ouderkirk, pursuant to 42 U.S.C. § 1983, against a sitting New York

Supreme Court Justice, the former Tompkins County District Attorney, a

Tompkins County Assistant District Attorney, and plaintiff's former

attorney. Plaintiff's original complaint, which was accompanied by a motion for leave to proceed in the action *in forma pauperis* ("IFP"), was dismissed pursuant to 28 U.S.C. § 1915(e), with leave to amend. Now pending before the court is plaintiff's amended complaint, which has been referred to me for review. For the reasons set forth below, I recommend the amended complaint be dismissed.

I.    BACKGROUND

Plaintiff commenced this action on January 12, 2018, by filing a complaint and accompanying IFP application. Dkt. Nos. 1, 2. Named as defendants in the original complaint were (1) the United States; (2) Tompkins County Assistant District Attorney Andrew McElwee; and (3) John C. Rowley, a Tompkins County Supreme Court Justice. Dkt. No. 1 at 1-3. In her original complaint, plaintiff alleged that defendants McElwee and Rowley ordered that she be incarcerated in state prison, where she remained for nearly two years without a hearing or even a reasonable inquiry into the validity of the allegations against her, thereby depriving her of liberty without due process. *Id.* at 5.

On January 30, 2018, I issued an order, report, and recommendation granting plaintiff's application to proceed without prepayment of the required filing fee and recommending that the complaint be dismissed with

leave to amend. Dkt. No. 4. That recommendation was based on my finding that defendants Rowley and McElwee were entitled to absolute immunity based on the allegations in the complaint, and based on the fact that the complaint included no allegations whatsoever concerning defendant United States. *See generally id.* On March 1, 2018, Senior District Judge Lawrence E. Kahn adopted my report and recommendation, and referred plaintiff's amended complaint, Dkt. No. 9, which was filed on or about February 26, 2018, back to me for consideration. Dkt. No. 10.

Like her original pleading, plaintiff's amended complaint again asserts claims against defendants McElwee and Rowley, and additionally names Gwen Wilkinson, the former Tompkins County District Attorney, and Walter Wiggins, plaintiff's former attorney, as defendants. Dkt. No. 9 at 1-3. The allegations in the amended complaint concern plaintiff's 2013 conviction of assault in the second degree, in violation of New York Penal Law § 120.05(3). *Id.* at 4. According to plaintiff, in or about May 2011, she was arrested for assault based on allegations that she bit a police officer. *Id.* Plaintiff pleaded guilty to second-degree assault as part of plea bargain that included a period of interim probation. *Id.* at 4-5. While serving the interim probation, plaintiff violated one or more of the conditions of the plea bargain, resulting in defendant Rowley ultimately sentencing plaintiff

3

on the assault charge to three years incarceration and a period of post-release supervision. *Id.* at 5-6. Plaintiff appealed her conviction and claims that it was set aside on January 12, 2015. *Id.* at 7. On January 13, 2015, plaintiff returned to Tompkins County Supreme Court and entered a plea of guilty to third-degree assault before defendant Rowley. *Id.* at 7-8.

Although none of the defendants are mentioned by name in the portion of plaintiff's amended complaint describing the underlying facts, plaintiff asserts constitutional claims against all of them under 42 U.S.C. § 1983. Dkt. No. 9 at 9. Specifically, plaintiff contends that defendants Wilkinson and McElwee engaged in prosecutorial misconduct and that all defendants falsely arrested her, violated her due process rights, and denied her freedom of association. Dkt. No. 9 at 9-10.

II.   DISCUSSION

As I explained in my report and recommendation concerning plaintiff's original complaint, because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her amended complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to

4

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's amended complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141

5

F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a pleading under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

As was previously noted, plaintiff's amended complaint names four individuals as defendants, including a Tompkins County Supreme Court Justice, the former Tompkins County District Attorney, an assistant district attorney, and plaintiff's former counsel. Dkt. No. 9. For the reasons stated in my report and recommendation concerning plaintiff's original complaint, plaintiff's claims against defendants Rowley and McElwee asserted in the amended complaint are subject to dismissal. Dkt. No. 4 at 7-9. Specifically, the allegations in the amended complaint describe conduct

undertaken by defendants Rowley and McElwee in their capacities as a

sitting Supreme Court justice and an assistant district attorney,

respectively. Even liberally construed, none of plaintiff's allegations

suggest that either of those individuals acted outside the scope of their

duties or, as plaintiff's complaint conclusorily alleges, acted without

jurisdiction.

Turning to defendant Wilkinson, plaintiff asserts a supervisory claim

against her based on allegations that she "set in motion a series of acts by

[defendant McElwee] that she reasonably should have known would have

caused . . . McElwee to deprive [plaintiff] of certain rights[.]" Dkt. No. 9 at

9. There are no factual allegations set forth in the amended complaint that

support such a conclusory accusation, and, for that reason, it fails to state

a cognizable claim against defendant Wilkinson.

Finally, the amended complaint also fails to allege facts plausibly

suggesting that defendant Wiggins violated any of plaintiff's constitutional

rights under 42 U.S.C. § 1983. Indeed, it is not clear based on plaintiff's

amended complaint what role defendant Wiggins played in the underlying

criminal proceedings, although, liberally construed, it appears defendant

Wiggins acted as plaintiff's attorney. *See* Dkt. No. 9 at 10. The only

allegation against defendant Wiggins is that he "plead[ed] [plaintiff] guilty

without [plaintiff's] consent or knowledge" in June 2013. *Id.* There are no other facts alleged in the amended complaint concerning this accusation. In any event, to state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."). There are no allegations in the amended complaint that defendant Wiggins is a state actor or was acting under color of state law in June 2013 when he represented plaintiff. Indeed, even assuming defendant Wiggins was plaintiff's court-appointed attorney, no state action is attributed to such representation. *See, e.g., Rodriguez v. Welprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to the defendant do not act 'under color of state law' and therefore not subject to suit under 42 U.S.C. § 1983."). Accordingly, any constitutional claims asserted against defendant Wiggins should be dismissed.

III.   <u>SUMMARY AND RECOMMENDATION</u>

Because defendants Rowley and McElwee are immune from suit, and because there are no allegations in the amended complaint that support plaintiff's newly asserted supervisory claim against defendant Wilkinson, the claims against those individuals should be dismissed. Similarly, plaintiff's claim asserted against defendant Wiggins is subject to dismissal in light of the absence of any allegations that defendant Wiggins was acting under color of state law at the time he allegedly violated plaintiff's due process rights. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's amended complaint (Dkt. No. 9) be DISMISSED for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[1] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[1]   If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the plaintiff in accordance with this

court's local rules.

Dated:      March 8, 2018
            Syracuse, New York

David E. Peebles
U.S. Magistrate Judge