UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JENNIFER A. OUDERKIRK,

                Plaintiff,

-against-                                3:18-CV-0053 (LEK/DEP)

THE UNITED STATES, *et al.*,

                Defendants.

## <u>ORDER</u>

**I.**      **INTRODUCTION**

      This matter comes before the Court following a Report-Recommendation filed on March 8, 2018, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 12 ("Report-Recommendation"). Pro se plaintiff Jennifer A. Ouderkirk timely filed objections. Dkt. No. 15 ("Objections").

**II.**     **LEGAL STANDARD**

      Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL

3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III.  DISCUSSION

Plaintiff objects to Judge Peebles's determination that her amended complaint, Dkt. No. 9 ("Amended Complaint"), fails to state a claim and is subject to dismissal. Specifically, Plaintiff argues that defendants John C. Rowley, Andrew McElwee, and Gwen Wilkinson are not entitled to judicial or prosecutorial immunity, because each acted "in the clear absence of jurisdiction." Objs. at 2. However, the Amended Complaint—like the original complaint, Dkt. No. 1—includes no allegations suggesting that Rowley, McElwee, or Wilkinson acted in the absence of jurisdiction. Construed liberally, the Amended Complaint alleges significant errors committed by Rowley and McElwee, but none of these allegations suggest that Defendants acted outside of their respective roles in the judicial process. Therefore, Judge Peebles correctly concluded that Plaintiff's Amended Complaint should be dismissed. Given the Court's doubt that an opportunity to file a second amended complaint will prove meaningful, the Court dismisses this action with prejudice. See Abascal v. Hilton, No. 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 30, 2008) (Kahn, J.) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading.").

IV.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 12) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 9) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's motion to submit a second amended complaint (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    April 12, 2018
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge